## Nikles v. McCanna

*Paul H. Millin*, for petitioner.

WOLFE, *P.J.*, November 17, 1981—This is a non-support matter before us under the Pennsylvania Civil Support Law, 42 Pa.C.S.A. §6701 et seq., and has been filed pursuant to the reciprocal procedure for McKean County filed December Term 1977 to Number 66.

Defendant was ordered to pay ten dollars per week by the McKean County Court on September 15, 1966 and has not paid any amount. The arrearages now exceed $7,000.

Initially the reciprocal was filed in the Forest County Court on October 22, 1977. It was reviewed by the court at that time and remanded to McKean County for the reason this court was of the opinion it was totally unconscionable to attempt to compel collection of this amount of arrearages which at that time was $5,260 in view of the fact the Mc-

Kean County Court had not made apparently any effort whatsoever to enforce the order notwithstanding defendant's whereabouts in Forest County were continuously known, to-wit, R.D. #3, Marienville. The district attorney notified the Domestic Relations of McKean County of this court's position and notified the domestic relations and the complainant that this court would again review the reciprocal complaint which we did on November 10, 1981. Defendant appeared but there was no response from McKean County Domestic Relations Office or the complainant. Defendant took the position the child, Charles E. Johnson, was born out of wedlock and was not his child and the complainant so informed him. Defendant has consistently taken this position and his domicile has always been in Forest County so that the McKean County Court could have very easily scheduled a hearing to determine paternity. We now consider it totally unconscionable for this court to order a collection of this vast arrearage under these circumstances. Even after a hearing, if paternity were established and the obligation of defendant, we would still be of the same opinion. The Non Support Civil Procedure Law, 42 Pa.C.S.A. §6708, was not geared to permit a complainant to knowingly incur long periods of time to expire and large arrearages to accumulate and then by change of circumstances simply to have the arrearage enforced. The Department of Welfare which we understand is pursuing this arrearages due to the welfare status of the complainant is the instigator of the present procedure. In our opinion, the Department of Welfare has a duty to diligently pursue these matters and failure to do so works an injustice and hardship upon the alleged responsible father who still maintains a valid defense, if true, to the actions.

For these reasons we enter the following

## ORDER

And now, November 17, 1981, the complaint for the collection of the arrearage in excess of $7,000 and enforcement of the support order entered by the McKean County Court on September 15, 1966 is denied.